**HASBANI & LIGHT, P.C.**
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOINY LLC,<br><br>                          Plaintiff,<br><br>  -against-<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TRUMAN ACM GRANTOR TRUST 2013, SERIES 2013-1,<br><br>                         Defendants. | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. |

Toiny LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of U.S. Bank National Association, As Trustee For Truman ACM Grantor Trust 2013, Series 2013-1 (the "Defendant"), upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to discharge a Mortgage dated June 15, 2006 and recorded in the Office of the City Register of The City of New York on July 27, 2006 as Instrument No. 2006000427464 (the "Disputed Mortgage") securing the repayment of a note dated the same date for the principal sum of $576,000.00 against real property known as 585 Lexington Avenue, Brooklyn, New York 11221 (Block: 1619 Lot: 71) (the "Subject Premises").

2. CitiMortgage, Inc. ("CitiMortgage"), Defendant's predecessor in interest, commenced an action under Kings County Index No. 33152/2007 by filing a summons and complaint (the "Summons and Complaint") in the Kings County Clerk's Office on August 30, 2007 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "Action"). As a matter of law, the Disputed Mortgage was accelerated by the commencement of the Action on August 30, 2007 (the "Acceleration").

3. Based on the filing of the Summons and Complaint in the Action, the statute of limitations expired on August 30, 2013 (six (6) years from the Acceleration). As a result, the statute of limitations to foreclose on the Disputed Mortgage expired and the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

## PARTIES

4. Plaintiff is a limited liability company organized under the laws of the State of Pennsylvania. Plaintiff is a single-member limited liability company, whose sole member is a citizen of the Kingdom of Morocco. Plaintiff's sole member is lawfully admitted for nonpermanent residence in the United States and is residing in the State of Florida. For the purposes of diversity, Plaintiff is a citizen of Morocco.

5. Defendant U.S. Bank National Association, As Trustee For Truman ACM Grantor Trust 2013, Series 2013-1, is the current assignee of the Disputed Mortgage. U.S. Bank National Association is a national association headquartered in Minnesota.

## JURISDICTION AND VENUE

6. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## GENERAL ALLEGATIONS

8. On June 15, 2006, Eugene Clement (the "Borrower") executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc.. which was recorded in the Office of the City Register of The City of New York on July 27, 2006 as Instrument No. 2006000427464 (the "Disputed Mortgage"). Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage. The Disputed Mortgage secures the repayment of a note dated the same date for the principal sum of $576,000.00 against the real property known as 585 Lexington Avenue, Brooklyn, New York 11221 (Block: 1619 Lot: 71) (the "Subject Premises").

9. The Disputed Mortgage was assigned to CitiMortgage by an assignment of mortgage dated August 1, 2007 and recorded on November 26, 2007 in the Office of the City Register of The City of New York on July 27, 2006 as Instrument No. 2007000584784. Attached hereto as **Exhibit B** is a true and correct copy of the CitiMortgage assignment of mortgage.

10. On or about April 1, 2007, the Borrower defaulted on the Disputed Mortgage. See **Exhibit C**.

11. CitiMortgage, Defendant's predecessor in interest, then commenced a foreclosure action on August 30, 2007 bearing Index Number 33152/2007 (the "2007 Foreclosure Action"). A true and correct copy of the filed Summons and Complaint is annexed hereto as **Exhibit C**.

12. CitiMortgage then assigned the Disputed Mortgage to U.S. Bank National Association As Trustee for Trucap Grantor Trust 2010-1 by an assignment of mortgage dated December 15, 2011 and recorded on January 25, 2012 in the Office of the City Register as

3

Instrument No. 2012000032499. Attached hereto as **Exhibit D** is a true and correct copy of this assignment of mortgage.

13. The 2007 Action was dismissed by a court order dated February 18, 2014 (the "Dismissal Order"). A true and correct copy of the Dismissal Order is annexed hereto as **Exhibit E**.

14. U.S. Bank National Association As Trustee for Trucap Grantor Trust 2010-1 then assigned the Disputed Mortgage to Trucap, LLC by an assignment of mortgage dated November 15, 2013 and recorded on March 13, 2014 in the Office of the City Register as Instrument No. 2014000088181. Attached hereto as **Exhibit F** is a true and correct copy of this assignment of mortgage.

15. Trucap, LLC then assigned the Disputed Mortgage to U.S. Bank National Association, As Trustee For Truman ACM Grantor Trust 2013, Series 2013-1 by an assignment of mortgage dated November 15, 2013 and recorded on March 13, 2014 in the Office of the City Register as Instrument No. 2014000088182. Attached hereto as **Exhibit G** is a true and correct copy of this assignment of mortgage.

16. The statute of limitations to foreclose on the loan secured by the Disputed Mortgage expired on August 30, 2013. See CPLR § 213(4). The Disputed Mortgage must be discharged of record because the statute of limitations expired on August 30, 2013.

## CAUSES OF ACTION

### DISCHARGE OF MORTGAGE

17. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

18. Pursuant to RPAPL § 1501(4):

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

19. An action to foreclose a mortgage is subject to a six-year statute of limitations. See CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt. A foreclosure action is a point of acceleration of the note and mortgage.

20. Here, CitiMortgage, Defendant's predecessor in interest, commenced a foreclosure action on August 30, 2007 bearing Index Number 33152/2007 (the "2007 Foreclosure Action"). See **Exhibit C**.

21. CitiMortgage accelerated the Disputed Mortgage by commencing the 2007 Foreclosure Action, which triggered the statute of limitations.

22. Based on the commencement of the 2007 Foreclosure Action, the statute of limitations expired on August 30, 2013 (six (6) years after the commencement of the 2007 Foreclosure Action. See **Exhibit C** and CPLR § 213.

23. The 2007 Foreclosure Action was dismissed by the Court Order dated February 18, 2014. See **Exhibit E**.

24. As a result, the Disputed Mortgage must be discharged.

25. That any estate or interest that Defendant ever had or claim to have had in the Subject Premises or in any part thereof in the Disputed Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

26. That none of the defendants are not infants or under any other disability.

27. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Toiny, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Forever barring Defendant and every person or entity claiming under it from all claims to an estate or interest in the Subject Premises;

2. Directing the Kings County Clerk to cancel and discharge of record the Disputed Mortgage;

3. Awarding Plaintiff Attorneys' Fees, Costs and Disbursements for this Action; and

4. For Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
       February 1, 2019

*/s/ Seth D. Weinberg*
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*